# IN THE COURT OF APPEALS OF IOWA

No. 22-2060
Filed March 8, 2023

IN THE INTEREST OF B.T. and L.T.,
Minor Children,

J.T., Father,
        Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, Linnea M.N. Nicol, District Associate Judge.

A father appeals the termination of his parental rights to his two children. **AFFIRMED.**

R.J. Longmuir, Independence, for appellant father.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Kimberly Lange of the Waterloo Juvenile Public Defender's Office, Waterloo, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to his two children, born in 2019 and 2020. He contends the district court inappropriately concluded the children could not be returned to parental custody as required by Iowa Code section 232.116(1)(h)(4) (2022). He also contends the district court inappropriately concluded he had "a severe, chronic substance related disorder, present[ed] a danger to himself or others, and [his] prognosis indicate[d] that the child[ren] [would] not be able to be returned to [his] custody in a reasonable period of time."

The father's second argument implicates a statutory ground for termination that was not pled by the State or cited by the district court. *See* Iowa Code § 232.116(1)(*l*). Accordingly, we will not address it. *Cf. In re J.L.*, 868 N.W.2d 462, 465 (Iowa Ct. App. 2015) (stating parent appropriately filed a posttrial motion raising the cour's improper reliance on an unpled termination ground). We will focus on the evidence supporting termination under Iowa Code section 232.116(1)(h), which contains several undisputed elements in addition to the cannot-be-returned requirement.

The father began using methamphetamine in 2018 and continued to use the drug after the birth of his first child. Just before the birth of the second child, the children's mother left the father, taking the children with her. The mother filed a custody petition. The district court granted her physical care, subject to supervised visits with the father, which were to gradually transition to unsupervised overnight visits.

In time, the department of health and human services received a complaint that the father was still using methamphetamine. Following an investigation, the department issued a founded child abuse report for "dangerous substances."

The State applied to have the children temporarily removed from the father's custody. The district court granted the application. The children were later adjudicated in need of assistance. They remained in the physical care and custody of their mother throughout the proceedings.

The father only minimally participated in reunification services. He was to engage in random drug testing, but after a positive test for methamphetamine in late 2021, he did not appear for at least six scheduled tests. Following the termination hearing, the district court ordered the department to immediately schedule a final drug test, and the court left the record open for admission of the result. The father appeared at the testing site almost thirty minutes after it closed. When the caseworker attempted to reschedule the test, the father did not respond.

The father also "was very inconsistent" in his participation in a "Solution Based Casework" curriculum and in parenting skills training. The most recent department employee assigned to the case recommended termination of the father's parental rights, citing his "use of illegal substances" and concern that he would not be "able to take care of [the children] appropriately."

On our de novo review of the record, we agree with the district court that the children could not be returned to the father's custody. The court appropriately terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(h).

**AFFIRMED.**